## In re TASSINARI.

(District Court, D. Massachusetts. March 12, 1918.)

### No. 24015.

BANKRUPTCY ⬤＝314(1)—CLAIMS—AGREEMENT OF CONTINUING PARTNER TO PAY FIRM DEBTS.

　　Where, after dissolution of a partnership, the bankrupt agreed with claimant, his former copartner, to pay the firm debts, which remained as joint obligations of both, claimant cannot, having paid none of such debts, prove the amount thereof against the estate of the bankrupt, for the contract was in reality one of indemnity.

In Bankruptcy. In the matter of the bankruptcy of Lindo Tassinari. On certificate of referee concerning right of creditor to make proof of claim. Order of referee affirmed.

⬤＝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William B. Sullivan, of Boston, Mass., for creditor.
John H. Blanchard, of Boston, Mass., for trustee.

MORTON, District Judge. As to the questions here presented, the partnership may be regarded as having ceased on the dissolution of the firm. Thereafter there was no joint property nor partnership estate. Its debts remained as joint obligations of the bankrupt and the claimant. In this situation, one of the two joint obligors promised the other to pay the debts, failed to do so, and later became bankrupt. May the co-obligor prove for the amount of the debts without having paid them?

To hold that he may do so puts the agreement to pay the debts on the same footing as the debts themselves, and permits a debtor to compete with his own creditors. It may lead to great confusion. For instance, suppose that there were four partners in the firm, that three withdrew, and that the continuing one promised each of them to pay the debts: Could each prove against the continuing partner's estate for the whole amount of the firm debts, never having paid any part of them? Not improbably the continuing partner would incur individual obligations subsequent to the dissolution. These would be at a great disadvantage on the claimant's theory of the law, because the old debts would be proved, in effect, four times, against once for the new ones.

Such a result seems obviously unsound. The fact is that, however contracts of this kind may be phrased, they are really contracts of indemnity, and in bankruptcy proceedings they should be so treated.

I fully agree with the views of the learned referee as stated in his certificate.

Order affirmed.